**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0885n.06
Filed: December 28, 2007

**Nos. 06-3055, 06-4510**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VEHBI LICI, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| DERVIS LICI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | PETITION FOR REVIEW OF AN |
| v. | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| | ) | |
| MICHAEL B. MUKASEY, UNITED STATES | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | | |

---

Before: SILER, GIBBONS, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge. In this consolidated appeal, Vehbi Lici, his wife, Fitnete, and his daughter, Stela, petition this court for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal, and Dervis Lici, son of Vehbi and Fitnete, petitions this court for review of the BIA's order dismissing his appeal. The petitioners make the following arguments: (1) the immigration judges' (IJ) decisions to admit a report from the U.S. Embassy in Albania violated their due process rights; (2) the credibility findings are not supported by substantial evidence; (3) the IJ's finding of a frivolous application on Vehbi's claim is not supported by substantial evidence; and (4)

the IJ abused her discretion in Stela's case by denying her motion to terminate removal proceedings. Because these arguments lack merit, we **DENY REVIEW**.

## I. BACKGROUND

The Licis are natives and citizens of Albania. An IJ began hearing Vehbi's asylum, withholding of removal, and protection under the Convention Against Torture (CAT) claims in April 2002 and concluded the hearing in December 2003. Vehbi testified he was persecuted and tortured because of his support for democracy in 1990 and 1991 as Albania transitioned from a communist to democratic state. He testified he and his family began suffering persecution again in 1998 when the Democratic Party lost control of the Albanian government to the Socialist Party.[1] Vehbi testified this persecution culminated with the politically-motivated rape of his oldest daughter, Ridvana, by Albanian secret police in October 1998. Vehbi introduced several documents and records corroborating the rape. The attorney general produced a report from the U.S. Embassy in Albania that deemed two of these documents to be fraudulent.[2] Vehbi testified the secret police threatened that his wife and other daughter, Stela, would also be raped if he stayed in Albania and continued to support the Democratic Party. Vehbi, Fitnete, and Stela left Albania for the United States in 2000.

---

[1] Vehbi and his expert witness, Dr. Bernd Fischer, testified former communists comprised the Socialist Party.

[2] The embassy report declares fraudulent a "coming out" card reportedly issued by the Shkoder District Hospital and a report reportedly issued by a Dr. Taci at Shkoder District Hospital.

The IJ denied Vehbi's claims in 2004. First, she denied Stela's motion to terminate removal proceedings.[3] Next, the IJ found inconsistencies in the proof of Vehbi and Fitnete and noted the State Department deemed fraudulent two documents submitted with Vehbi's claims. As a result, the IJ concluded the Licis lacked credibility, denied the application, and found it frivolous. The BIA dismissed Vehbi's claims in 2005, ruling Vehbi was not denied due process and affirming the IJ's credibility findings and decision to deny Stela's motion.[4]

A different IJ heard Dervis's claims in June 2004 and January 2005. Dervis testified Albanian secret police beat him and threatened to kill him for his support of the Democratic Party on three occasions in 2000. As a result, he left Albania in October 2000. To buttress his claims, Dervis submitted the same documentary evidence of Ridvana's rape that was submitted at Vehbi's hearing. The attorney general introduced the embassy report to rebut this evidence. Finding Dervis lacked credibility, failed to offer credible corroborating evidence, and failed to rebut the embassy report, the IJ denied Dervis's claims. The BIA dismissed Dervis's appeal in 2006.

## II. DISCUSSION

We review the IJ and BIA decisions because in each case the BIA summarily affirmed the decision of the IJ and added commentary of its own. *Lazar v. Gonzales*, 500 F.3d 469, 474 (6th Cir. 2007). We review legal determinations de novo. *Alexandrov v. Gonzales*, 442 F.3d 395, 404 (6th

---

[3] Stela filed the motion because she married a U.S. citizen who filed an immigration visa on her behalf. The IJ concluded the purpose of the marriage was presumed to be to gain an immigration benefit for Stela, because it was entered into after the inception of removal proceedings. The IJ concluded Stela offered no evidence the marriage was bona fide.

[4] The BIA did not address the IJ's frivolous application finding.

Cir. 2006). We review factual determinations under the substantial evidence standard and such findings will not be disturbed unless the record compels reversal. *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). Finally, we review the denial of Stela's motion to terminate removal proceedings for abuse of discretion. *See Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).

Immigration courts satisfy due process of law if admitted evidence is probative and its use is fundamentally fair. *Alexandrov*, 442 F.3d at 404-05. The Licis argue the evidence is not probative because it pertains to Ridvana, who is not a party in either case. However, Vehbi testified that an element of his persecution was threats that Fitnete and Stela would suffer the same fate as Ridvana. Dervis used his sister's alleged rape to buttress his claims of persecution.

The Licis argue the use of the evidence is fundamentally unfair because the report is unauthenticated and contains multiple hearsay. Authentication is not an issue as there is no evidence the report is a forgery. *See Rexha v. Gonzales*, 165 Fed. App'x 413, 419 (6th Cir. 2006) (unpublished opinion) (holding the authentication requirement concerns whether "the document is what it purports to be, not that the contents of the document are 'necessarily true'"). The multiple hearsay in the report does not make its use fundamentally unfair because the report noted the investigator, the investigator's sources, and the investigator's methods, and the petitioners had a meaningful opportunity to rebut it. *See id.* at 419-20; *Kasa v. Gonzales*, 128 Fed. App'x 435, 440 (6th Cir. 2005); *cf. Alexandrov*, 442 F.3d at 407 (holding unfair the IJ's reliance on a report that omitted its sources, method of investigation, and investigator); *Ezeagwuna v. Ashcroft*, 325 F.3d 396 (3d Cir. 2003) (same). While the report was marked for identification on the first day of Vehbi's hearing on April 8, 2002, the hearing continued on April 23, 2002, and December 11, 2003, and the

IJ's opinion was released in April 2004. Dervis's hearing began in June 2004 and concluded in January 2005, and the IJ's opinion was released in April 2005. This case is therefore distinguished from *Alexandrov*, in which the report in question was dated the day of the petitioner's hearing date and the IJ's oral decision denying his claims, and *Ezeagwuna*, in which the petitioner received notice of the report at issue only three days before the sole hearing date. *Alexandrov*, 442 F.3d at 407; *Ezeagwuna*, 325 F.3d at 402. There is no due process violation.

The Licis' arguments that the negative credibility findings are not supported by substantial evidence are unpersuasive. In Vehbi's case, the IJ and BIA highlighted problems with the testimony of Vehbi and Fitnete and noted the embassy report found two false documents. In Dervis's case, the IJ and BIA noted inconsistencies in the proof and a lack of corroborating evidence. The Licis argue these problems are the result of misunderstandings. Perhaps a rational explanation can be provided for some of the alleged problems, but there were several genuine inconsistencies in the proof.[5] Further, two documents submitted in each case were fraudulent. *See Selami v. Gonzales*, 423 F.3d 621, 625 (6th Cir. 2005) (holding "the submission of a fraudulent document in support of a key element of an asylum claim is sufficient to support an adverse credibility determination"). Thus, the record does not compel the reversal of the credibility findings. *Ben Hamida*, 478 F.3d at 736.

---

[5] Despite Vehbi's protests to the contrary, he testified inconsistently about when Ridvana was raped, and when he received threats that Fitnete and Stela would be raped. Fitnete traveled to Turkey with Stela and Dervis after she and Stela were threatened with rape, yet she and her children returned to Albania without seeking asylum. Dervis testified he was arrested twice in Albania and was a member of a Democratic Party youth group, but he gave a sworn statement that he had never been arrested and was not a member of a political party.

An asylum application is frivolous "'if any of its material elements is deliberately fabricated.'" *Lazar v. Gonzales*, 500 F.3d 469, 475 (6th Cir. 2007) (citing 8 C.F.R. § 1208.20). The IJ advised Vehbi of the consequences of filing a frivolous application, made a specific finding that the application was frivolous, and gave Vehbi an opportunity to explain and rebut the embassy report. *See id.* (discussing when an IJ may properly declare an asylum application frivolous). Substantial evidence supports the frivolous application finding because evidence supporting a material element of Vehbi's claim was deliberately fabricated.[6] *Id.* at 474.

Finally, the BIA did not abuse its discretion in affirming the IJ's denial of Stela's motion. There was no cause for the IJ to terminate the proceedings based on Stela's marriage to a U.S. citizen because the marriage occurred after the inception of removal proceedings, and Stela failed to offer any evidence the marriage was bona fide. *See* 8 U.S.C. § 1255(e); 8 C.F.R. § 1245.1(c)(8)(iii). While Stela's marriage would make her ineligible for derivative asylum benefits, it does not follow that her motion must granted because she is no longer a part of Vehbi's application. Stela was still subject to removal proceedings, and the IJ ruled the government proved her removability by clear and convincing evidence. Accordingly, the IJ did not abuse her discretion in denying Stela's motion.

**PETITIONS DENIED.**

---

[6] Additionally, during his asylum hearing, Dervis testified Vehbi obtained the documents.